Commonwealth of Pennsylvania, Bureau of Employment Security *v.* Hecker & Co., Appellant.

Argued October 1, 1962.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, O'BRIEN and KEIM, JJ.

*Alexander Conn,* for appellant.

*Morley W. Baker,* Assistant Attorney General, with him *John F. Finney,* Assistant Attorney General, and

*David Stahl,* Attorney General, for Bureau of Employment Security, appellee.

OPINION BY MR. JUSTICE COHEN, November 13, 1962:

This is an appeal from the affirmance by the Court of Common Pleas of Dauphin County of an order of the Bureau of Employment Security denying appellant's petition for reassessment of its unemployment compensation contributions. Appellant is a partnership which is registered and licensed to engage in business as a broker and dealer in securities. The individuals in question are "registered representatives" who are licensed to sell securities on appellant's behalf.

The issue before us is whether these registered representatives are included within the scope of the Pennsylvania Unemployment Compensation Law so that appellant is required to make contributions on their behalf. The following facts are pertinent to this inquiry.

The Pennsylvania Securities Act provides that a registered dealer must file an application on behalf of an individual who wishes to sell securities.[1] If the application is satisfactory, the individual is given a commission to sell securities on behalf of that dealer.[2] This commission, which must be renewed annually, is revocable at the will of either the dealer or the individual.

The stipulated facts before us reveal that appellant provides the registered representatives with a desk in its office, clerical and secretarial services, statistical and market analysis reports, use of a telephone and general office supplies. The registered representatives are paid strictly on a commission basis but are allowed to draw against future commissions to pay any other expenses which may arise. They have no set working

---

[1] Act of June 24, 1939, P. L. 748, §8, as amended, July 10, 1941, P. L. 317, §1, 70 P.S. §38 (Supp. 1961).

[2] Act of June 24, 1939, P. L. 748, §11, as amended, July 10, 1941, P. L. 317, §1, 70 P.S. §41 (Supp. 1961).

hours, are not required to attend sales meetings, and need not meet any particular quotas. Appellant supplies the registered representatives with its business cards, advertisement is done in appellant's name and all orders must be approved by appellant. If appellant refuses to accept an order, the registered representative may then deal with another broker.

The two aspects of this relationship stressed by appellant are (1) that the registered representatives are free from control with regard to the performance of their employment, and (2) that the registered representatives develop a following among some of their customers which they can transfer to another brokerage firm in the event of the cessation of their employment with appellant. Appellant had formerly made unemployment returns on behalf of the registered representatives but stopped the practice in reliance on a federal referee's decision that registered representatives were not subject to withholding from wages for purposes of the Social Security Act.

With these facts in mind, two provisions of the Unemployment Compensation Law must be examined. Section 4(1)(2)(B) provides: "Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business." [3] Section (1)(4)(17) states that, even though otherwise included, the word "employment" shall not include "Services performed by an individual for an employer . . . as a solicitor of ap-

---

[3] Act of May 18, 1937, P. L. 658, §1, 43 P.S. §753(1)(2)(B).

plications for, or salesman of, shares of or certificates issued by an investment company."[4]

Before examining more closely the words of the statute, three preliminary observations as to the structure of the act must be noted. In the first place, it is clear that the act's definition of "employment" extends beyond those considered "servants" or "employes" under common-law concepts. As Justice (later Chief Justice) STERN said in *Department of Labor and Industry v. Aluminum Cooking Utensil Company*, 368 Pa. 276, 280, 82 A. 2d 897, 898-9 (1951), "Having in mind the broad purposes of this unemployment compensation legislation as expressed in the preamble to the act, it is our opinion that it was the intention of the legislature to provide for a larger coverage of employes entitled to unemployment compensation than merely those who would be considered employes under the common law. . . ." See Note, 36 Ill. L. Rev. of Northwestern 873 (1942). Thus the alleged lack of control by appellant over the performance of the service is not determinative of the issue before us as it might have been if we were confronted with the question of the vicarious liability of appellant for a tort committed by a registered representative.

Secondly, once it is shown by the department that an individual is performing services for wages, as that term is defined under the act, the burden shifts to the taxpayer to bring itself within either the general exception set forth in section 4(1)(2)(a) and (b) or one of the special exclusions such as section 4(1)(4)(17). *Aluminum Cooking Utensil*, supra; *Bureau of Employment Security v. A.A.A. Moving and Storage Co.*, 76 Dauph. 335 (1961). Finally, the requirements of the exception in section (1)(2) being in the conjunc-

---

[4] Act of June 10, 1947, P. L. 509, §1, 43 P.S. §753(1)(4)(17). This section also specifically excludes real estate salesmen and insurance agents.

tive, the taxpayer must satisfy both subsections (a) and (b) to exclude itself from coverage under the general exception.

The first question before us, therefore, is whether the registered representatives are performing services for "wages." The latter term is defined by the act as "all remuneration paid by an employer to an individual with respect to his employment."[5] Appellant argues that the registered representatives receive their earnings from the customer in return for services performed by them for the customer and that they are, in effect, engaged with appellant in a joint venture and, therefore, neither "works for the other." However, the facts reveal that the registered representatives receive their pay monthly from appellant—and not directly from the customer—based on a percentage of commissions received by appellant from the customers. Furthermore, the Securities Act limits the registered representatives to selling on behalf of a registered dealer and consequently they cannot be considered as partners with appellant in the business of selling securities. Hence, the department has brought this relationship within the general coverage of the act and the burden is upon appellant either to bring itself within section 4(1)(2)(a) and (b) or within the special exclusion in section 4(1)(4)(17). We agree with the court below that appellant has failed to sustain this burden.

With regard to section 4(1)(2), since we find that appellant has failed to satisfy subsection (b), we need not discuss in this case subsection (a). Subsection (b) requires that the individual in question be "customarily engaged in an independently established trade, occupation, profession or business." One is not so engaged where he is dependent upon another for the continuance of his employment and thus becomes unemployed

---

[5] Act of December 5, 1936, P. L. (1937) 2897, §4, as amended, 43 P.S. §753(x).

through no fault of his own.   See *Commonwealth v. Research, Inc.,* 9 Pa. D. & C. 2d 445 (1955) ; *Murphy v. Daumit,* 387 Ill. 406, 56 N. E. 2d 800 (1944) ; Wilcox, The Coverage of Unemployment Compensation Laws, 8 Vand. L. Rev. 245 (1955).   As the court below put it, one satisfies subsection (b) when he can be considered to be "in business for himself."   As we have pointed out above, the Pennsylvania Securities Act prohibits a registered representative from conducting his own business of selling securities.   Indeed, his commission expressly limits him to selling securities on behalf of a registered dealer.   In addition, the registered representative is dependent upon both the good will of appellant and its services—e.g., use of a telephone, statistical and market reports—to obtain customers. The Superior Court has held that traveling salesmen[6] and insurance agents[7] are not engaged in independently established trades so as to satisfy subsection (b) although they also often develop their own clientele. The position of the registered representative is quite different from that of the "distributors" held to satisfy subsection (b) by this court in *Aluminum Cooking Utensil,* supra.   We found there that the individuals in question could sell the products at any price they desired and that they were constantly selling the products of several competitors at the same time.   Their continued employment was thus not dependent on the particular taxpayer involved in that case, as is true with the registered representatives and appellant.

[6] *Leinbach Company, Inc. v. Unemployment Compensation Board,* 146 Pa. Superior Ct. 237 (1941). The *Leinbach* case was followed in *Walters v. Commonwealth of Pennsylvania,* 56 Dauph. 245 (1945).

[7] *Superior Life, Health & Accident Insurance Co. v. Unemployment Compensation Board of Review,* 148 Pa. Superior Ct. 307 (1942). Of course, section 4(1)(4)(17) now specifically excludes insurance agents.

We might add that the same result has been reached on this point in Vermont[8] with identical statutory language, and in New York[9] and Connecticut[10] with seemingly less broad statutory language.

Appellant also attempts to invoke the special exclusion in section 4(1)(4)(17) that the word "employment" shall not include "Service performed by an individual for an employer as a . . . salesman of, shares . . . issued by an investment company." Appellant would have us define "investment company" as "business company" and thus exempt earnings from the sales of securities generally.[11] However, the term "investment company" is a word of art and refers to companies, such as mutual fund companies, whose business is to make a profit by investing in other companies. It is so defined in the Investment Company Act of 1940,[12] in the Pennsylvania Business Corporation Law,[13] as well as in other Pennsylvania statutes.[14] In the absence of evidence to the contrary, we must assume that the legislature intended to use the term in this accepted business sense. Appellant argues that it is illogical to exclude salesmen of securities issued by in-

[8] *Vermont Securities, Inc. v. Vermont Unemployment Compensation Commission*, 118 Vt. 196, 104 A. 2d 915 (1954).

[9] *Claim of Dunne*, 293 N. Y. 780, 58 N.E. 2d 520 (1944).

[10] *Robert C. Buell & Co. v. Danaher*, 127 Conn. 606, 18 A. 2d 697 (1941).

[11] The registered representatives do sell securities issued by mutual fund companies. However, appellant's records do not distinguish with any degree of accuracy the amount of earnings from this source as opposed to the sale of other types of securities and hence appellant relies on a reading of §4(1)(4)(17) which would exclude salesmen of all types of securities.

[12] 15 U.S.C. §80a-3 (1952).

[13] Act of November 10, 1959, P. L. 1406, §1, as amended, 15 P.S. §2852-2 (Supp. 1961).

[14] See, e.g., Fiduciaries Investment Act of 1949, as amended, June 19, 1953, P. L. 284, §1, 20 P.S. §821.9(a) (Supp. 1961).

vestment companies and not salesmen of securities issued by business corporations. We think that there are two answers to this assertion. First, matters of special exception from legislative coverage are exclusively within the cognizance of the legislature absent a showing of a denial of the equal protection of the laws. Secondly, other states have likewise made this limited exception to their unemployment compensation laws.[15] Accordingly, the court below correctly ruled that appellant did not come within the exclusion in section 4(1) (4) (17).

Appellant's reliance on the federal government's decision that registered representatives are not subject to the withholding provisions of the Social Security Act is ill-founded for two reasons. In the first place, the definition of "employee" under that act is based on master-servant concepts.[16] Secondly, the referee's decision was based on the case of *Dimmitt-Rickhoff-Bayer Real Estate Co. v. Finnegan,* 179 F. 2d 882 (8th Cir.), cert. denied, 340 U. S. 823 (1950), in which the eighth circuit held that a real estate salesman was not an employee within the Social Security Act's definition of that term. However, Judge SANBORN, speaking for the court, stated that his result might well have been different if Congress had not repudiated the test of employment submitted by the Bureau of Internal Revenue that "an employee is an individual in a service relationship who is dependent, as a matter of economic reality, upon the business to which he renders service."[17] As we have seen, this is one of the very tests adopted by our legislature. In fact, under an earlier and broader definition of "employee" it was held that registered representatives were employees within the

---

[15] See, e.g., Wash. Revised Code, 50:04:230.

[16] 26 U.S.C. §1607(i) (1952).

[17] 179 F. 2d 882, 888 (8th Cir.), cert. denied, 340 U. S. 823 (1950).

Social Security Act.[18]   The federal government's practice under the Social Security Act is thus not relevant to our inquiry here.

Judgment affirmed.

---

[18] *Stone v. United States*, 55 F. Supp. 230 (E.D. Pa. 1943).