York Gazette Company v. Bureau of Employment Security, Commonwealth of Pennsylvania, Department of Labor and Industry. York Gazette Company, Appellant.

Argued December 10, 1976, before Judges Crum-
lish, Jr., Mencer and Blatt, sitting as a panel of
three.

*Donn I. Cohen,* with him *Rees Griffiths,* and *Liv-
erant, Senft & Cohen,* for appellant.

*Michael H. Chwastiak,* Assistant Attorney General,
*Herbert W. Hoffman,* Assistant Attorney General,
and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 1, 1977:

York Gazette Company (Appellant) has appealed an order of the Bureau of Employment Security (Bureau) denying its petition for reassessment of unemployment compensation fund contributions.

The Department of Labor and Industry (Department) assessed Appellant for additional contributions for the years 1970-1974 for amounts paid by Appellant to its motor carriers which Appellant had failed to include as wages on its quarterly reports. Appellant filed a petition for reassessment which, after hearings thereon, was denied. We must reverse.

Section 301 of the Unemployment Compensation Law[1] (Act) provides that employers must make contributions to the fund according to a formula based upon wages paid to employees. Section 304 of the Act, 43 P.S. §784, requires that employers file reports with the Department and gives the Department power to assess additional contributions upon an employer.

Section 4(1)(2)(B) of the Act, 43 P.S. §753(1)(2)-(B), provides that services performed by an individual for wages shall be "employment" within the meaning of the Act unless it is shown "to the satisfaction of the department" that:

> (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

The legal issue presented by this appeal is whether the services of Appellant's carrier-drivers and the payments made for those services are within the forego-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §781.

ing exemption from the definition of "employment" and are, therefore, beyond the scope of the contribution requirements of Section 301 of the Act. We hold that they are.

The hearing examiner found the following facts:

Appellant utilizes "motor route drivers" to deliver its daily newspaper to subscribers within an area of circulation in York, Pennsylvania, and the surrounding communities. The drivers, each being assigned a specific territory, must utilize their own vehicles to deliver the papers. The drivers are admonished to avoid late deliveries[2], assure that the papers are delivered in good condition, and to avoid improper conduct in connection with the deliveries.

The drivers are compensated weekly by Appellant at the rate of 14 cents per mile and 15 cents per customer, with deduction for each customer who complained of non-delivery on a particular date. Although Appellant conducted most of the solicitation of new customers, drivers occasionally solicited new customers and were paid a commission accordingly. Appellant also performed the billing and collection functions.

Drivers were subject to dismissal by Appellant for failure to deliver papers on time.

The drivers each had other occupations such as housewife, salesman, etc., in addition to their newspaper delivery duties.

The hearing examiner noted, and we agree, that Appellant has the burden of proving that the drivers are within the exclusionary language of Section 4(1)(2)-(B) of the Act, *C. A. Wright Plumbing Co. v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 45, 293 A.2d 126 (1972). However, our

---

[2] Appellant's paper, the York Gazette, is a morning paper and is delivered to readers early in the morning.

review of the record and the facts as found by the hearing examiner lead us to conclude that the drivers are independent contractors rather than employees of Appellant.

Section 4(1)(2)(B) of the Act provides that an individual is an employee, as opposed to an independent contractor, unless he or she is *both* free from direction and control over the performance of his service *and* is also customarily engaged, as to that service, in an independent business. *See Laswick v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 356, 310 A.2d 705 (1973); and *C. A. Wright Plumbing Co. v. Unemployment Compensation Board of Review, supra.*

In the case before us, the record discloses that the drivers have complete control over the manner in which the papers are delivered, Appellant's only concern being that the papers actually be delivered on time. The drivers control the mode of transporting the papers and may subcontract the delivery job to others. Moreover, the drivers own, operate, and maintain their own vehicles in the making of deliveries.

In our view, this is a sufficient proprietary interest in their business of delivering papers to satisfy the test in *C. A. Wright Plumbing Co., supra.* There is nothing in the record which suggests that they are prohibited from delivering papers of publishers other than Appellant. Also, each driver is engaged in another occupation and is not dependent upon Appellant for his or her livelihood. Accordingly, we conclude that each driver is customarily engaged in an independently established newspaper delivery business free from the control or supervision of Appellant and, therefore, falls within the exclusion of Section 4(1)-(2)(B) of the Act.

Accordingly, we

## Order

AND NOW, this 1st day of February, 1977, the order of the Department of Labor and Industry denying Appellant's petition for reassessment is hereby reversed.