Helen B. Jochynek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*E. J. Julian,* with him *Thomas J. Terputac,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 3, 1977:

This is an appeal of an order of the Unemployment Compensation Board of Review (Board) denying unemployment benefits to the petitioner Helen B. Jochynek (claimant) following her removal from office as a local registrar of vital statistics by the Pennsylvania Department of Health. The issue presented for

decision in this case is whether a local registrar of vital statistics is an employee of the Commonwealth within the meaning of Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h).

The claimant was appointed a local registrar of the Department of Health (Department), Division of Vital Statistics on October 20, 1971 for Registration District No. 63575 which comprised fifteen municipalities in Washington County. The Division of Vital Statistics provided her with forms for the issuance of birth and death certificates and copies thereof as well as other forms for collecting and preserving vital statistics. She was compensated on a fee basis[1] for each certificate transmitted to the Department from funds appropriated for the Department of Health, an accounting and payment of which was made monthly. In addition, the claimant retained the sums paid by the public for copies of such certificates. From October 20, 1971 to August 10, 1975 claimant performed the duties of local registrar to the satisfaction of both the public and the Department. She used her home as an office where she was required to be on call 24 hours a day.

The claimant was removed from her position without cause on August 10, 1975. She was found eligible for special unemployment assistance benefits by the Bureau of Employment Security on November 14, 1975. On appeal by the Department of Health a referee denied benefits pursuant to Section 402(h) of the Law, 43 P.S. §802(h) finding that the claimant was self-employed. The Board upheld the decision of the

---

[1] The parties have not raised the question of whether claimant is disqualified under the provisions of Section 1002(2) of the Law, 43 P.S. §892(2). Therefore, we express no opinion on this point.

referee and adopted her findings of fact and conclusions of law.

We believe, contrary to the Board's conclusion, that the claimant was not a self-employed businesswoman but that she was an employee of the Department of Health within the meaning of Section 402(h) of the Law. The Law defines an employee as one who performs services for an employer in employment. Section 4(i) of the Law, 43 P.S. §753(i). Employment is defined as follows:

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

Section 4(1)(2)(B), 43 P.S. §753(1)(2)(B). The employer must satisfy both subsections (a) and (b) to exclude itself from coverage under the exception on the ground the individual was an independent contractor. *Bureau of Employment Security v. Hecker & Co.*, 409 Pa. 117, 185 A.2d 549 (1962). Since we find that the record fails to establish that the employer has satisfied subsection (b) we need not discuss in this case subsection (a).

The referee relied on *Dawkins Unemployment Compensation Case*, 358 Pa. 224, 56 A.2d 254 (1948), in finding the claimant was an independent contractor and hence became an unemployed businesswoman within the meaning of Section 402(h) of the Law upon her removal as a local registrar. The facts in *Dawkins*, however, where the former employee resigned in or-

der to go into business for himself are readily distinguishable from the facts here where the record fails to indicate that the claimant worked as a clerk or record keeper for anyone other than the Department before, during or after her employment as a local registrar. Moreover, decisions subsequent to *Dawkins* have further interpreted the meaning of the statutory requirements in Section 4(1)(2)(B)(b) of the Law, 43 P.S. §753(1)(2)(B)(b). With regard to subsection (b) it has been said that one is not customarily engaged in an independent trade where he is dependent on another for the continuation of his employment and thus becomes unemployed through no fault of his own. *Bureau of Employment Security v. Hecker & Co., supra*. This Court has further said the subsection requires that an individual have a proprietary interest in some business which he can operate free from control of any other individual. *C. A. Wright Plumbing Co. v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 45, 293 A.2d 126 (1972). In interpreting the meaning of "customarily engaged" and "independent business" important factors have been whether the individual held himself out or was capable of performing the particular activities in question for anyone who wished to avail himself of such services and whether the nature of the business compelled the individual to look to only a single employer for the continuation of such services. *Commonwealth v. Cioni Accessories*, 82 Dauph. 141, 33 D. & C. 2d 429 (1964).

The record fails to show that the claimant was employed by anyone other than the Department while she was local registrar or that she was similarly employed before or after her employment with the Department. She had no proprietary interest in the issuance of the certificates except for her commission and is now unable to perform these services. The rec-

ord also does not disclose that she held herself out as available for employment with anyone other than the Department. Moreover, we think that the Commonwealth's contention that the claimant could be considered in an independent trade as a clerk because she could have used her home as an office for free lance clerical services fails to meet the standards as established by this Court and our Supreme Court for subsection (b). The mere ability to use a home as an office would disqualify, as an independent contractor, practically any employee who performed clerical services. Moreover, as to that particular service which claimant performed, her business was the issuance of certificates, and she could no longer perform that service once she was removed as a local registrar.

Accordingly, we will enter the following

### ORDER

Now, October 3, 1977, the order of the Unemployment Compensation Board of Review No. B-SUA-75-8-L-571, Decision No. B-134998, dated September 23, 1976, affirming an order of the referee, dated November 24, 1975, is hereby reversed.