James M. Biter, Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Respondent.

Argued September 15, 1978, before Judges MEN-CER, BLATT and MACPHAIL, sitting as a panel of three.

*Blair V. Pawlowski,* with him *Pawlowski and Tulowitzki,* for petitioner.

*Samuel F. Rizzo,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 22, 1978:

James M. Biter (petitioner) owns and operates six buses which are supplied under a contract for transportation of students of Penn-Cambria School District (School District). On August 13, 1975, the Bureau of

Employment Security, Department of Labor and Industry (Bureau) notified petitioner that he was being assessed for unpaid unemployment compensation contributions on behalf of the drivers of his buses to whom he paid wages. The Bureau claimed that petitioner owed $2,345.42, with accrued interest of $580.62, for the period between January 1971 and July 1975. Petitioner filed a petition for reassessment which was denied following a hearing. This appeal followed.

The only issue on appeal is whether the bus drivers are engaged in "employment" and are petitioner's employees within the meaning of Section 4($l$)(2)·(B) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §753($l$)(2)(B). If, as the Bureau determined, the drivers are petitioner's employees, petitioner is liable for the contributions under the Act.

Section 4($l$)(2)(B) provides:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

Petitioner contends that, on the basis of the findings of fact and the record, it must be concluded that the drivers are free from his control and are not his employees and that the drivers are either independent contractors or employees of the School District.

The hearing examiner made the following undisputed findings of fact:

3. Petitioner contracts with the school board of the above-referred school district for this service. The contract between the school board and petitioner sets the rate petitioner will receive for said service.

4. From the contract amount the petitioner supplies the buses and pays for their maintenence [sic] and up-keep and repair.

5. The petitioner also pays the salaries of the drivers of his buses.

6. Persons interested in driving buses can either apply through the petitioner or the school board. The drivers must comply with all state regulations for the certification of school bus drivers. In this regard, they are examined by school district doctors, and the school personnel sign the required identification card.

7. All buses owned by petitioner are stored and maintained at the place of business of the petitioner.

8. The school board maintains a list, or 'pool', of all applicants that have met the requisite minimum qualifications for being a school bus driver in Pennsylvania.

. . . .

10. Petitioner decides the amount of salary due to each driver, and the schedule upon which such salary is paid.

11. Petitioner provides spare or replacement drivers. This is from the 'pool' of approved drivers.

12. The school board provides petitioner with routes and he provides them to the drivers.

13. In order to drive for petitioner, the drivers must sign a form indicating that they

are independent, self-employed and are leasing the buses from petitioner.

Section 4($l$)(2)(B) provides that an individual is an employee, as opposed to an independent contractor, *unless* he is *both* free from control over the performance of his service *and* is customarily engaged, as to that service, in an independent business.[1] *York Gazette Co. v. Department of Labor and Industry,* 28 Pa. Commonwealth Ct. 410, 414, 368 A.2d 1314, 1316 (1977). It is well established that one need not *actually* exercise control in order to be considered an employer; rather, the mere right or authority to exercise control or interfere with the work creates an employment relationship. *C.A. Wright Plumbing Co. v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 45, 293 A.2d 126 (1972).

Petitioner has the burden of proving that the services provided by the drivers *do not* constitute employment under the exceptions in Section 4($l$)(2)(B). *York Gazette Co. v. Department of Labor and Industry, supra,* 28 Pa. Commonwealth Ct. at 413, 368 A.2d at 1315.

While the School District reserved some control over drivers under the contract with petitioner in that drivers had to be approved by the School District and had to maintain certain standards in the operation of the buses, petitioner was not precluded from exercising control over other aspects of the drivers' work.

Petitioner's testimony was at best equivocal with regard to his perception of his own authority to hire, fire, and discipline drivers. Yet the record clearly supports the findings that petitioner did exercise control. He (1) hired or obtained approved drivers when

---

[1] The question of whether the drivers were engaged in an independent profession was not decided below and is not before us on appeal.

needed, (2) required drivers to sign a form indicating that they were independent contractors before allowing them to drive his buses, (3) assigned the drivers to the routes specified by the school, and (4) established the rate and schedule of payment for the drivers and paid them out of his account.

It would be unreasonable to suppose that petitioner did not have the right to control the manner in which his property, the buses, were used, since the drivers had no responsibility for maintenance of the buses. *See* Restatement (Second) of Agency §220(2)(e) and comment k (1958); *Mohan v. Continental Distilling Corp.*, 422 Pa. 588, 222 A.2d 876 (1966) (ownership and control of equipment with which another performs his work is an important factor in finding an employment relationship).

Under these circumstances, we can only conclude, as did the Bureau, that petitioner did have the right to control the drivers' work and did in fact exercise that right and therefore did not meet his burden of proof.

Petitioner also asserts that this case is controlled by *Commonwealth v. McNelly*, 56 Dauph. 95 (1944), which involved the same issue. In *McNelly*, the court held that the drivers of buses supplied to the School District under a contract with the owner of the buses were employees of the School District and not employees of the owner of the buses. The facts in the *McNelly* case indicate that the drivers were more independent of the owner than in this case in that the drivers met directly with school personnel periodically to receive instructions regarding their work and the operation of the buses and the drivers obtained and paid their own substitutes. Even if the *McNelly* case were not factually distinguishable, we would still hold, on the record in this case, that petitioner failed to meet

his burden of proving that the drivers of his buses were free from his control as required by Section 4(*l*)(2)(B).

## Order

And Now, this 22nd day of December, 1978, the order of the Bureau of Employment Security, Department of Labor and Industry, dated September 24, 1976, denying James M. Biter's petition for reassessment, is affirmed.