George Pavalonis, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*George J. Nagle,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, March 4, 1981:

Petitioner (claimant) brings this appeal from an order of the Unemployment Compensation Board of

Review (Board) which affirmed a referee's decision denying unemployment compensation benefits to the claimant for the weeks ending October 8, 1977 through April 22, 1978. We affirm.

After being laid off his former job, claimant applied for and received unemployment compensation benefits from January of 1977 until April of 1978 when he registered a fictitious name, purchased business cards, and "officially" went into business as a masonry contractor. In 1979, acting on an anonymous tip, the Bureau (now Office) of Employment Security (Bureau) conducted an audit on the claimant and discovered that he had been working as a masonry contractor since the first week of October, 1977. Thereafter, the Bureau denied benefits to the claimant for the weeks ending October 8, 1977 through April 22, 1978 and assessed him for fault overpayments totaling $3,891 pursuant to Section 804(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(a).

On appeal the referee affirmed the Bureau's decision concluding that the claimant had been rendered ineligible for benefits during the period in question by Section 402(h) of the Law, 43 P.S. §802(h), which provides in relevant part that "[a]n employe shall be ineligible for compensation for any week— (h) [i]n which he is engaged in self-employment. . . ."[1] The Board subsequently affirmed this decision adopting the referee's findings of fact and conclusions of law.

Before this Court the claimant does not contest the fact that he performed masonry work prior to

---

[1] The referee also concluded that Section 4(u) of the Law, 43 P.S. §753(u), would be an alternative basis for denying benefits.

April 22, 1978, but instead alleges that the referee and the Board erred in concluding he was self-employed since his status on those days he had actually worked had been that of an employe. In light of the above, the claimant alleges that he was entitled to collect full unemployment compensation benefits for certain weeks prior to April 22, 1978 in which he performed no masonry work, and reduced benefits, pursuant to Section 404(d) of the Law, 43 P.S. §804(d), for those weeks in which he was actually employed. Since in our view there is substantial evidence in the record to support the Board's conclusion that the claimant was self employed, we disagree.

The term "self-employment" is not defined in the Law. Section 4(l) of the Law, 43 P.S. §753(l), however, defines "employment" as follows:

(1)(1) . . . all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral. . . .

. . . .

[(2)(B)] Services performed by an individual for wages shall be deemed to be employment subject to the act, unless and until it is shown to the satisfaction of the department that— (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

We have held that before an individual can be found to be self-employed both of the elements of Section 4(l)(2)(B) must be proven. *Crenshaw v. Unemployment Compensation Board of Review,* 50 Pa. Com-

monwealth Ct. 136, 412 A.2d 682 (1980); *Kardon v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 20, 396 A.2d 487 (1979). We have also held that in unemployment compensation cases where, as here, the party with the burden of proof has prevailed below our review is limited to questions of law and a determination of whether findings made by the Board are supported by substantial evidence. *Jula v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 353, 409 A.2d 953 (1980). Hence, the sole question in this appeal is whether there was substantial evidence in the record to support both elements of Section 4(1) (2)(B) and the resultant conclusion that the claimant was self employed.

Before the referee the claimant testified that he had received $400 from the town of Bloomsburg in October of 1977 for the construction of a curb and a sidewalk, that he had spent three days performing this task, and that he had paid for all of his expenses including those for the plywood forms and concrete out of the $400 he had received. The claimant also testified that between October 1, 1977 and April 22, 1978 he had performed eleven separate one-day masonry jobs constructing concrete floors for a construction firm owned by William Wegrzynowicz. A statement submitted by William Wegrzynowicz, which the claimant verified, shows that the claimant received $10,844 for these eleven jobs and that the claimant performed six more jobs later in 1978 when he was admittedly self-employed. Both the statement and the claimant's own testimony showed that the claimant paid for all of his expenses including the cost of the concrete out of sums he received, and that he was only paid after the completion of each job. It is also undisputed that neither the construction

firm nor the town withheld any amount for taxes from the sums they paid to the claimant.

The test in determining whether a workmen is an employe of a person who engaged him is whether he is subject to the latter's control, not only with regard to the work to be done but also with regard to the manner of performing it. *Commonwealth, Department of Labor and Industry v. Great Lakes Television Co.*, 212 Pa. Superior Ct. 564, 244 A.2d 795 (1968). In deciding whether this test has been met, courts have examined many factors including whether tools were supplied by the workman,[2] whether the workman received on-the-job training,[3] whether there was a fixed rate of remuneration,[4] whether there were regular meetings that had to be attended,[5] and other factors. In the present case the claimant supplied all of his tools and materials, did not receive any on-the-job training, did not receive a fixed hourly rate, and had no taxes deducted from the sums he received from his alleged employers. While each of these factors would not be controlling individually, viewed as a whole we believe they were sufficient to support a conclusion that the claimant was not under the control of his alleged employers.

---

[2] *See, e.g., C. A. Wright Plumbing Company v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 45, 293 A.2d 126 (1972). *York Gazette Co. v. Department of Labor and Industry*, 28 Pa. Commonwealth Ct. 410, 368 A.2d 1314 (1977).

[3] *See, e.g., C. A. Wright Plumbing Co., supra*, note 2, *Laswick v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 356, 310 A.2d 705 (1973).

[4] *See, e.g., Biter v. Department of Labor and Industry*, 39 Pa. Commonwealth Ct. 391, 395 A.2d 669 (1978), *C. A. Wright Plumbing Co., supra*, note 2.

[5] *See, e.g., O'Brien v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 272, 370 A.2d 805 (1977), *Laswick, supra*, note 3.

In deciding whether a workman is customarily engaged in an independent business, this Court has held that an individual must have a proprietary interest in some business he can operate free from the control of any other individual. *C. A. Wright Plumbing Co. v. Unemployment Compensation Board of Review, supra,* note 2. Further factors that have been looked to by this Court have been "whether the individual held himself out or was capable of performing the particular activities in question for anyone who wished to avail himself of such services and whether the nature of the business compelled the individual to look to only a single employer for the continuation of such services." *Jochynek v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 86, 90, 378 A.2d 490, 492 (1977). (Citation omitted.)

In the present case it is undisputed that the claimant supplied his own materials and tools and that he suffered the risk of loss if his expenses exceeded his income. Furthermore, the record clearly shows that the claimant not only could have, but actually did, accept business from more than one source. In our view, this evidence is sufficient to support a conclusion that the claimant had a proprietary interest in a business and was customarily engaged in an independent business.

Since there was sufficient undisputed evidence in this case to support both elements to Section 4(1)(2)-(B), we must affirm.

Accordingly, we enter the following

### ORDER

AND Now, March 4, 1981, the order of the Unemployment Compensation Board of Review, dated July 26, 1979, Decision No. B-174400, is affirmed.