456

General Teamsters Union Local No. 249, an unincorporated association, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

General Teamsters Union Local No. 249, an unincorporated association, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

General Teamsters Union Local No. 249, an unincorporated association, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Ernest B. Orsatti, Jubelirer, Pass & Intrieri, P.C.,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, May 25, 1983:

General Teamsters Union Local No. 249 has appealed from orders of the Unemployment Compensation Board of Review affirming the denial by a referee of the union's application to be relieved of making contributions to its reserve account with respect to unemployment compensation payments made to three persons who, as shop stewards at a union organized "garage", from time-to-time presented grievances, attended grievance hearings and union-employer negotiations. The claimants were reimbursed by the union for wages from their full-time employment while performing the shop stewards' duties just described. The claimants' full time employer laid them off and they thereupon, as we understand the sketchy record, had no duties to perform as shop stewards.

Section 302 of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §782, requires that employers' reserve accounts with the unemployment compensation fund shall be charged for compen-

sation paid to separated employees. Subsection (a)(2) of Section 302 supplies a provision to the general rule to the effect that the account of a part-time employer shall not be charged with compensation paid to an employee separated from his full-time work while the part-time work continues without material change. The referee and board cited Subsection 302 (a)(2) but concluded that it was not applicable because the claimant shop stewards were not hired by the union on a part-time regular basis and did not have a regular and specific work schedule. We find no reference in Section 302 or elsewhere in the law to a distinction between regular and irregular, or as the referee called it, sporadic, part-time work. Further, if as we have noted might have been the case, the claimants had no work as shop stewards after they were laid off, the exception would not apply because the part-time activity did not continue.

The referee and the board misunderstood the union's argument which was to the effect that shop stewards were not employees of the union. Section 4(1)(2)(B) of the Act, 43 P.S. §753(1)(2)(B) provides:

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—

(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and

(b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

The union first says that its payments to the shop stewards were not wages but reimbursement for wages

lost from their regular employment. Wages is defined at Section 4(x), 43 P.S. §753(x) as "all remuneration . . . paid by an employer. . . ." Remuneration is not defined in the Act but its common meaning is "an equivalent [paid] for a service, loss or expense." Websters Third New International Dictionary 1921 (1966 Ed.). Since the statutory definition of wages therefore includes payments for loss, the union's payment of the shop steward's losses were wages.

However, the shop stewards were not employees if it is shown to the satisfaction of the department that they were free from the control or direction of the union over the performance of their services and that as shop stewards they were engaged in an independently established occupation. *Bureau of Employment Security v. Hecker & Co.*, 409 Pa. 117, 121, 185 A.2d 549, 552 (1962) (both elements must be established). Because the union raised these points below and the referee and board did not respond to them, we are compelled to remand the record for findings and conclusions on these subjects.

We add that the case was most casually presented at the referee's hearing. This may have been because of the small amounts of money involved; but the question seems to be of sufficient importance to deserve a new evidentiary hearing.

Reversed and remanded. Jurisdiction relinquished.

ORDER IN 2010 C.D. 1981

AND Now, this 25th day of May, 1983, the order of the Unemployment Compensation Board of Review, B-197288, dated July 15, 1981, is reversed and the case is remanded to the Board for further proceedings consistent with this opinion. Jurisdiction is relinquished.

460

### ORDER IN 2011 C.D. 1981

AND Now, this 25th day of May, 1983, the order of the Unemployment Compensation Board of Review, B-197289, dated July 15, 1981, is reversed and the case is remanded to the Board for further proceedings consistent with this opinion. Jurisdiction is relinquished.

### ORDER IN 2012 C.D. 1981

AND Now, this 25th day of May, 1983, the order of the Unemployment Compensation Board of Review, B-197287, dated July 15, 1981, is reversed and the case is remanded to the Board for further proceedings consistent with this opinion. Jurisdiction is relinquished.