559 A.2d 994

**ERIE INDEPENDENCE HOUSE, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent (Two Cases).

Commonwealth Court of Pennsylvania.

Argued May 4, 1989.

Decided June 5, 1989.

S.E. Riley, Jr., Stephen R. Thelin, MacDonald, Illig, Jones & Britton, Erie, for petitioner.

No appearance for respondent.

William Taggart, Erie, for Marilyn Fulkrod.

Lisa M. Sauder, Harrisburg, for Com. of Pennsylvania Dept. of Labor and Industry Office of Employment Security.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

 Erie Independence House, Inc. (EIH) appeals from an order of the Unemployment Compensation Board of Review (Board) which determined that Jean M. Wells (Claimant) was an employee of EIH, but that she was ineligible for unemployment compensation benefits,[1] because she was discharged for willful misconduct.[2]

The facts are as follows. EIH is a non-profit social service agency that provides services to severely physically disabled individuals through the use of personal care attendants (PCAs). PCAs are trained and certified by EIH. EIH is one of approximately ten agencies which contracts with the Department of Public Welfare (DPW) to provide this service. DPW sets the rate at which PCAs are paid. DPW issues checks to EIH which, in turn, reimburses the disabled individual who then pays the PCA.

---

1. Although it appears that EIH is not an aggrieved party, the issue of its standing has not raised by the Board. Because standing is not jurisdictional, we may not raise this matter *sua sponte*. *In re: Freeman*, 115 Pa.Commonwealth Ct. 300, 540 A.2d 606 (1988). We note, however, that our resolution of the issue of whether the Claimant was an employee of EIH or an independent contractor may well have future payroll tax implications for EIH.

2. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) states that an employe shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is employment as defined in this act."

A disabled individual who wishes to participate in the program is screened by EIH to assess the number of hours and the type of care required. Acceptance of the disabled party into the program is contingent upon the availability of DPW funds.

EIH accepted Marilyn Fulkrod, as a qualified disabled person, into the program, and established the number of hours Mrs. Fulkrod needed care, solely at her residence. Mrs. Fulkrod, with the assistance of her son, placed an advertisement in a local newspaper for a PCA. After conducting several interviews, Mrs. Fulkrod chose as her PCA, Claimant, who was certified by EIH. Mrs. Fulkrod, who desired assistance in addition to the hours EIH approved for DPW reimbursement, negotiated with Claimant for full-time care, all to take place at her residence. For these additional hours, Claimant would receive room and board. Claimant and Mrs. Fulkrod entered into a subcontract, wherein Claimant agreed to pay all her applicable payroll taxes. Sometime after Claimant commenced work, she began refusing to perform Mrs. Fulkrod's direct orders and declined to carry out essential personal care services. Mrs. Fulkrod terminated Claimant because of Claimant's substandard performance. Claimant filed for unemployment compensation, which the Board eventually refused, finding Claimant was separated from her employment from EIH for reasons which constitute willful misconduct.

Although Claimant's actions would be unacceptable to any employer and normally unemployment benefits would not be granted in such circumstances, EIH argues that Claimant was not its employee. EIH argues that Claimant was an independent contractor and, therefore, we need not consider whether Claimant's conduct rose to a level of willful misconduct.

■ Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. Section

704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). Whether Claimant is an independent contractor or an employee is a question of law, reviewable by this Court. *Lynch v. Workmen's Compensation Appeal Board (Connellsville Area School District),* 123 Pa.Commonwealth Ct. 299, 554 A.2d 159 (1989).

■ The Board held Claimant was not an independent contractor because:

> [C]laimant was not free from control and direction over the performance of her services. Erie Independent House required that any attendant be a high school graduate, certified, use and sign standardized time sheets, perform only those procedures authorized in the certification program, perform the procedures only as instructed in the certification program, and be subject to review. Erie Independence House also set the rate of pay.

Section 4(*l*)(2)(B) of the Law, 43 P.S. § 753(*l*)(2)(B), provides that an individual is an employee, as opposed to an independent contractor, unless he is both free from control over the performance of his service and is customarily engaged, as to that service, in an independent business. *Biter v. Department of Labor and Industry,* 39 Pa.Commonwealth Ct. 391, 395 A.2d 669 (1978).

The issue of "control" is based upon a showing of control "not only with regard to the work to be done but also with regard to the manner of performing it." *Pavalonis v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 289, 294, 426 A.2d 215, 217 (1981). The "independent trade or business" issue is based upon the worker's "proprietary interest in some business he can operate free from the control of any individual." *Id.,* 57 Pa.Commonwealth Ct. at 295, 426 A.2d at 217.

EIH argues that the Board's determination is not based upon facts in the record, and, therefore, the Board abused its discretion.

First, EIH asserts that Claimant had "control" over the method of performing her duties. EIH points out that the Board's discussion states EIH "required that ... [PCAs] perform only those procedures authorized in the certification program." Upon a review of the record, we find no support for this finding.

Intervenor, Office of Employment Security (OES) argues to the contrary, that EIH maintained control because it trained Claimant. If we would be persuaded by the OES' argument, conceivably all schools could be considered employers of the graduates of their institution. OES adds that EIH maintained control over Claimant because EIH provided brochures, forms and established the number of reimbursable care hours. These facts do not demonstrate that EIH controlled the "manner of performance" as set forth in Section 4($l$)(2)(B) of the Law. The Board's determination also states that EIH sets the rate of pay. The record, in fact, states that the rate of pay is established by DPW.

EIH also argues Claimant is an independent contractor because Claimant had a proprietary interest in her work. Once a PCA is trained by the EIH, the PCA either becomes an actual employee of EIH or is classified as an independent contractor. Claimant was never classified as EIH's employee, but was classified as an independent contractor. Claimant, as an individual, responded to Mrs. Fulkrod's advertisement for a PCA. Claimant entered into a subcontract agreement with Mrs. Fulkrod, wherein she agreed to be fully responsible for payroll taxes.

PCAs, as Claimant, are not limited to the number of disabled clients with whom they may contract. In *Jochynek v. Unemployment Compensation Board of Review*, 32 Pa.Commonwealth Ct. 86, 378 A.2d 490 (1977), we held that an important factor in determining if an individual was an independent contractor was "whether the individual held himself out or was capable of performing the particular activities in question for anyone who wishes to avail himself of such services...." *Id.*, 32 Pa.Commonwealth Ct. at 90, 378 A.2d at 492. In the present case, it is undisputed that

Claimant held herself out as capable of performing her profession for anyone who wished to avail himself of such service.

We believe the Board's conclusion that Claimant was EIH's employee is not supported by substantial evidence since EIH did not have control over the details of the work or the "method of performance" of Claimant's work. Further, Claimant held herself out as capable of performing these services for anyone. Here, in this record, there was no evidence to indicate that EIH had, or exercised, any control whatsoever over the manner in which Claimant performed her duties while at the residence of Mrs. Fulkrod.

Accordingly, we reverse, but only to the extent that the Board concluded that there is an employer/employee relationship between Erie Independence House and Claimant.

## ORDER

AND NOW, this 5th day of June, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed to the extent that the Board determined that there was an employer/employee relationship between Erie Independence House and Claimant.