[J-105-2019][M.O. - Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| A SPECIAL TOUCH, | : | No. 30 MAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court dated 8/23/18 at |
| | : | No. 1181 CD 2016 Affirming in Part and |
| v. | : | Reversing in Part the final decision and |
| | : | order of the Department of Labor and |
| | : | Industry, dated 6/16/16 at No. 14-R- |
| COMMONWEALTH OF PENNSYLVANIA, | : | 0327-4 |
| DEPARTMENT OF LABOR AND | : | |
| INDUSTRY, OFFICE OF | : | |
| UNEMPLOYMENT COMPENSATION | : | |
| TAX SERVICES, | : | |
| | : | |
| Appellant | : | ARGUED:  November 20, 2019 |

## CONCURRING OPINION

**CHIEF JUSTICE SAYLOR**                                    **DECIDED:  April 22, 2020**

I join the result reached by the majority.  I am also aligned with its determination that, for an individual to be customarily engaged in an independently-established trade, the person must either work for other clients, or at least hold himself out as available to work for other clients.  I do not join the majority's analysis in full, however, as I see this standard as speaking more directly to the "independently established trade" aspect of the statutory language than to the "customarily engaged" component.

At the heart of this appeal is the question of what it means to be "customarily engaged in an independently established trade."  43 P.S. §753(l)(2)(B).  To answer that question, the majority limits the scope of the question by stating that "we have been

called upon specifically to discern the meaning of the phrase 'customarily engaged.'" Majority Opinion, *slip op.* at 21.  I respectfully disagree.

Such a narrowing of the scope is not borne out by the issue this Court accepted for review.  That question, by its terms, relates to "interpret[ing] the phrase 'customarily engaged in an independent business[.]'"  *A Special Touch v. DLI*, ___ Pa. ___, 204 A.3d 368 (2019) (*per curiam*), *quoted in* Majority Opinion, *slip op.* at 12.  As I read the issue thus stated, its two facets overlap because, to attain the status of an independent contractor, it is not enough for the worker to be customarily engaged in some kind of work:  he or she must be customarily engaged *in an independent business*.  To my mind, working for other clients and holding oneself out as available to do so most directly implicate the "independent business" portion of the inquiry.

The majority, however, solely addresses customary engagement.  In doing so, it consults dictionary definitions of "customary" and "engage," and concludes, in essence, that the person must be regularly involved in the trade.  *See* Majority Opinion, *slip op.* at 22.  That proposition seems uncontroversial, as it involves the recitation of a synonymous phrase; in any situation where an individual regularly performs a particular type of work over a substantial period of time, that person will be viewed as customarily engaged in such work, whether as an employee or as an independent contractor.  And there is no suggestion that the nail technicians and cleaning personnel did not regularly perform their tasks over a substantial period.

By contrast, instances in which appellate courts have found that a putative employee was not customarily engaged in a specific line of work have involved episodic or limited activities such as making telephone calls for a total of three hours over a five-month period, *see Silver v. UCBR*, 34 A.3d 893, 897 (Pa. Cmwlth. 2011), working at an isolated task requiring 22 hours of labor over a three-day period, *see Minelli v. UCBR*,

39 A.3d 593, 598 (Pa. Cmwlth. 2012), or renting a booth to sell homemade jewelry at a flea market for a limited duration, *see Buchanan v. UCBR*, 135 Pa. Cmwlth. 567, 574, 581 A.2d 1005, 2009 (1990).[1]

The majority appears to limit the discussion to the "customarily engaged" terminology in an effort to distinguish the holdings reached in *Danielle Viktor, Ltd. v. Bureau of Employer Tax Operations*, 586 Pa. 196, 892 A.2d 781 (2006), and *Department of Labor & Industry v. Aluminum Cooking Utensil Co.*, 368 Pa. 276, 82 A.2d 897 (1951). In particular, the majority states that those matters focused only on the word "independently," and not on the term, "customarily engaged." *See* Majority Opinion, *slip op.* at 19, 20 n.15.

While that is certainly a plausible reading of those decisions, in my view there is no need to distinguish them. I am aware that in each of those cases at least a subset of the individuals involved did not work for additional clients.[2] However, the standard presently announced by the majority can reasonably be viewed as clarifying that, even if that is true, at a minimum the worker must still have held himself or herself out as available to work for other clients in order to be viewed as having engaged in an independently-established business. As such, I see this latter requirement as reflecting a refinement of the first prong of the *Danielle Viktor* test, which asks whether the

---

[1] Although those decisions involved a claimant's eligibility for benefits rather than an employer's tax liability, the interpretive task related to the same definition of "employment" as is involved in the present matter.

[2] As observed by the majority, *see* Majority Opinion, *slip op.* at 19, *Danielle Victor* indicated that many – but not all – of the limousine drivers drove for other limousine companies. *See Danielle Viktor*, 586 Pa. at 206, 892 A.2d at 787. Similarly, the *Aluminum Cooking Utensil* Court noted that some but not all of the distributors (*i.e.*, sales agents) sold products for other companies. *See Aluminum Cooking Utensil*, 368 Pa. at 278, 82 A.2d at 898.

workers possessed the "ability to perform their services for more than one entity, including competitors, with no adverse consequences." *Danielle Viktor*, 586 Pa. at 229, 892 A.2d at 801-02. In view of the majority's explanation as to why such a refinement is needed to remain faithful to the underlying statutory scheme, *see* Majority Opinion, *slip op.* at 22, 24-25, I have no difficulty endorsing it with the caveat, as noted, that it relates most directly to the independently-established nature of the individual's enterprise. Indeed, the majority itself recognizes that Section 753(l)(2)(B) distinguishes between "independent contractors" and employees. *Id.* at 20.

Justices Todd and Mundy join this concurring opinion.