Medical College of Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, March 6, 1981, to Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Robert H. Young, Jr., Drinker, Biddle & Reath,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, June 2, 1981:

Vivien McCarthy (Claimant) was discharged by the Medical College of Pennsylvania (Employer) for falsifying institutional payroll records. She applied for unemployment compensation benefits and was denied the same by the Bureau (now Office) of Employment Security (Office) because of willful misconduct.[1]

Claimant appealed, whereupon a hearing was fixed by the referee for March 19, 1980 and due notice thereof was sent to Claimant and Employer. Employer's *brief* states that they received notice of the hearing on March 13, 1980 and that "sometime thereafter" an office employee called the referee to ask for a continuance because a Mr. Huebner, the person with first hand knowledge of the circumstances surrounding Claimant's discharge would be out of the country. The *brief* states that the referee told the caller that a continuance would not be granted unless Employer contacted Claimant and obtained her consent to it. Employer did nothing further and did not appear at the referee's hearing.

At the hearing, based upon Claimant's testimony and the exhibits from the proceedings at the Office and since Employer bore the burden of proving willful misconduct which the referee held not to have been sustained, benefits were granted to Claimant. Employer filed a notice of appeal with the Unemployment Compensation Board of Review (Board) which said simply, "We wish to appeal the decision made on the above former employee. The date of the hearing was March 19." The Board denied the appeal and affirmed the grant of benefits.

Employer *then* sent a letter to the Board requesting reconsideration and setting forth the circum-

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

stances relating to their previous request for a continuance of the referee's hearing. The Board denied the request for reconsideration and this appeal followed.

Employer contends here that the referee's denial of the continuance, the Board's denial of the appeal from the referee's decision and the Board's denial of reconsideration were in error.

Obviously, the greatest difficulty we have in this appeal is the fact that we have nothing on the *record* regarding the Employer's alleged request for continuance and the referee's denial thereof except Employer's letter after the Board's denial of the appeal from the referee. In the notice of the referee's hearing, it is stated:

### REQUEST FOR CONTINUANCE OF HEARING

Continuance of a hearing will be granted only for 'proper cause' and upon such terms as the Referee may deem proper either upon his own motion or upon application of any of the parties to the appeal. *Any request for the continuance of hearing should be delivered or mailed to the Referee at the address shown on the Notice of of Hearing.* (Emphasis added.)

Employer did not follow that procedure. It is apparent from Employer's brief that it has had experience with unemployment compensation hearings in the past, yet it did not take the trouble to follow the written instructions nor did it send a representative to the hearing to request a continuance on the record and to have on the record the referee's reasons for denying the same. Employer compounded its own error by not setting forth in its notice of appeal from the referee's decision the reason for the referee's denial of what it considered to be a legitimate request for a continuance.

We have no difficulty concluding that the referee's decision and the Board's affirmance thereof were proper.

Regarding the request for reconsideration and the Board's denial thereof, the Board calls our attention to our decision in *Flanagan v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 120, 407 A.2d 471 (1979). There we held that the Board acted improperly under its own regulation in granting a reconsideration and rehearing where there was no good cause for doing so. The Board's regulation provides, in part, that requests for reconsideration "will be granted only for good cause in the interest of justice without prejudice to any party." 34 Pa. Code §101.111(b). In *Flanagan,* the employer had failed to appear at the referee's hearing for no reason except the inconvenience of the location. While the circumstances in the instant case are different in that Employer here may have had a legitimate reason for a continuance, the fact remains that the Employer simply did not act in the prescribed manner to protect its own interests. Accordingly, the Board would have had no "good cause" to order a rehearing and it would have been error for them to do so. *See Flanagan v. Unemployment Compensation Board of Review, supra.* Our conclusion is supported by the fact that to grant reconsideration would also have caused prejudice to the Claimant, a result which in itself would violate the Board's regulation, *supra.*

Order affirmed.

#### ORDER

AND Now, this 2nd day of June, 1981, the order of the Unemployment Compensation Board of Review, dated April 18, 1980 and filed to B-183342 granting unemployment compensation benefits to Vivien McCarthy, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.