James P. Cameron, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 11, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Richard C. Osterhout,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, August 19, 1982:

James P. Cameron, Sr. (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which adopted a referee's determination denying him benefits. It was held that he provided services for an employer as a real estate agent and was therefore subject to the exclusion noted at Section 4(*1*)(4)(17) of the Unemployment Compensation Law.[1]

The findings of fact made by the referee after a hearing, at which the claimant and the employer's representative appeared, were:

1. For purposes of this appeal, claimant was last associated with Forrest Realty and Construction Co., Inc. as a Sales Person on a commission basis from September 1, 1971 thru October 15, 1978 and his separation is not at issue.

2. Claimant filed an application for unemployment compensation benefits, effective November 11, 1979, thereby establishing an [sic] base year period of July 1, 1978 thru June 30, 1979.

---

[1] (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(*1*)(4)(17). Section 401 of the Law, 43 P.S. §801, in part, provides that compensation shall be payable to any employee who is or becomes unemployed. The term employee is not defined in the Law but Section 4(*1*)(4)(17) defines employment as *not* including:

Service performed by an individual for an employer as an insurance agent or real estate salesman . . . if all such service performed by such individual for such employer is performed for remuneration solely by way of commission.

. . :

3. Claimant was determmined [sic] financially ineligible for unemployment compensation benefits on his application dated November 11, 1979, due to his having no convered [sic] earnings during the base year period.

4. Claimant was a duly licensed real estate salesman with Forrest Realty and Construction Company, Inc. during the base year period and his real estate license was displayed in the employer's office while he was performing his services.

5. Claimant set his own work hours on Mondays thru Fridays while associated with Forrest Realty and Construction Company, Inc. and also paid his own expenses.

6. Claimant kept his own list of prospective clients in his possession, while performing his services for Forrest Realty and Construction Company, Inc.

The referee concluded that Section 4($1$)(4)(17) of the Law required that the claimant's earnings not be computed in determining his eligibility because they were not wages under Section 4(x) of the Law.[2] The Board affirmed and the instant appeal followed.

In unemployment compensation cases, the claimant has the burden of proving eligibility for benefits. *Hughes v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 448, 414 A.2d 757 (1980). And where, as here, the party with the burden of proof below does not prevail there, our scope of review is limited to a determination of whether or not an error of law was committed or the findings of the Board can be sustained without a capricious disregard of competent evidence. *Id.* Here, we believe that the referee's findings were insufficient to enable

[2] 43 P.S. §753(x).

him to draw the legal conclusion that the claimant was subject to the exclusion provided by Section 4 (*1*)(4)(17).

The dispositive issue in this appeal is whether or not the claimant was *primarily employed or functioned* as a real estate agent for his employer, not whether or not he held a valid real estate license. The referee's findings, which the Board adopted, refer to the claimant's ''services'' but fail to distinguish what he actually did—whether he primarily sold real estate (*i.e.,* lots or lots with existing structures) for the employer or was, as he alleges, a saleman of the employer's service of constructing homes. We believe that such a finding is necessary to determine whether or not the exclusion applies. Being a seller of house *construction,* which does not require a real estate license,[3] is analogous, we believe, to the sale of any other product notwithstanding the fact that the structure becomes realty when completed.

Should the Board or referee find, upon remand, that the claimant is primarily employed as a salesman of housing construction, then sufficient findings must also be made as to the existence of an employee-employer relationship covered under the Law.

Generally, where an employer retains *control* and *direction* over a salesman who is paid solely by commission, a relationship exists which will permit the employee to receive benefits. *Bureau of Employment Security v. Hecker & Co.,* 409 Pa. 117, 185 A.2d 549 (1962) (an analogous factual situation addressing the Section 4(*1*)(4)(17) exclusion and commission salesmen). Evidence showing direction and control in-

---

[3] In effect at the time of this matter was Section 1 of the Real Estate Brokers License Act, Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §§431-448, repealed and replaced by the Act of February 19, 1980, P.L. 15, 63 P.S. §§455.101-455.902.

cludes: being required to be in the employer's office during designated hours;[4] a duty to report or meet with the employer;[5] provision by the employer of office space, equipment and a telephone;[6] the lack of authority of the employee to negotiate with the customer commissions or sale prices;[7] approval of all sales by the employer;[8] an assigned territory;[9] the withholding of social security and/or federal income taxes from commissions paid;[10] whether commissions issue from the customer or the employer;[11] and/or the supplying of sales leads by the employer.[12]

As we said in *O'Brien v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 272, 276, 379 A.2d 805, 807 (1977), "[O]ur review of the record discloses a dearth[13] of evidence upon

---

[4] *Kardon v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 20, 396 A.2d 487 (1979).

[5] *Coogler v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct.   , 440 A.2d 692 (1982); *Kardon.*

[6] *Hecker & Co.; Kardon; American Diversified Corp. v. Bureau of Employment Security*, 1 Pa. Commonwealth Ct. 527, 275 A.2d 423 (1971).

[7] *Kardon.*

[8] *Id.*

[9] *Coogler.*

[10] *American Diversified.*

[11] *Hecker & Co.*

[12] *American Diversified.*

[13] Our review of the record indicates that the employer's representative testified that the primary business of Forrest Realty and Construction Company, Inc., was the construction of homes and that in 95% of the sales claimant was involved in, he was selling the construction of homes to be built on somebody else's lot. Also, the record discloses, by way of a Bureau (now Office) of Employment Security Questionnaire completed by the employer and entered into the record before the referee that: the employer furnished the claimant with leads to prospective customers; required him to adhere to prices, terms and conditions of sale established by the company; supervised and reviewed his work; and, supplied

which such findings could be based.'' We will therefore reverse the decision below and remand this matter to the Board for further proceedings not inconsistent with this opinion.

### Order

· And Now, this 19th day of August, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed and this matter is remanded to said Board for further proceedings not inconsistent with this opinion.

---

him with an office, office equipment, a telephone, business forms, and stationery at no charge. In view of this admission by the employer, we must reject, at this point, the referee's finding that the claimant "paid his own expenses" as being made with a capricious disregard of competent evidence. *Hughes.*

The record also discloses that the employer's representative stated that federal and state taxes were deducted from its commission payments to the claimant and that F.I.C.A. (social security) was also deducted and matched by it.