Galen C. Schmidt, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Roger V. Wiest, Wiest, Wiest & Saylor,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, January 5, 1983:

Galen C. Schmidt (Claimant) has filed a Petition for Review from the decision of the Unemployment Compensation Board of Review (Board) denying him benefits on the basis of willful misconduct.[1]

Claimant was last employed by Acme Markets, Inc. (Employer) as a clerk. On November 23, 1980, Claimant reported to work as scheduled. After the store manager informed Claimant that he, the Claimant, was assigned to work the express checkout line, Claimant left work, alleging illness. Claimant was informed the next day that he was discharged.

It is well settled that an employee's refusal to comply with a reasonable assignment can constitute willful misconduct. *Hughes v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 422, 397 A.2d 494 (1979). An employee may justify such a refusal by demonstrating good cause, however. *Gwin v. Unemployment Compensation Board of Review,* 58 Commonwealth Ct. 69, 427 A.2d 295 (1981).

---

[1] *See* Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

In the present case, the Board determined that Claimant did not refuse the assignment due to illness,[2] but rather that Claimant refused the assignment and left work due to dissatisfaction with the assigned duties. Such a finding is based upon the Board's resolution of the conflicting testimony in the record and this Court is bound by that finding. *Astarb v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 638, 413 A.2d 761 (1980).

Claimant's action in refusing the assignment and leaving work as he did was disruptive of the Employer's scheduling and necessitated the reassignment of personnel. Such behavior thus clearly manifested wanton and willful disregard of Employer's interest and a disregard of the standard of behavior which Employer rightfully could expect sufficient to amount to willful misconduct. *See Redano v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 111, 433 A.2d 151 (1981).[3]

## ORDER

The order of the Unemployment Compensation Board of Review, No. B-192997, dated March 6, 1981, is hereby affirmed.

---

[2] While the Board never made a specific finding of fact on the question of whether Claimant was ill at the time he reported for work that day, a finding adverse to Claimant on this question is sufficiently made out by the Board's discussion of the case. We would caution the Board, however, that it is the Board's duty to make findings on all issues critical to the case and this Court should not be burdened with "reasoning" critical findings from the decision. *Gilbert v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 446, 431 A.2d 1151 (1981).

[3] Though only a single incident, Claimant's conduct was more than of a minor, causal or insignificant nature, and therefore may be considered disqualifying willful misconduct. *See Wright v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 506, 445 A.2d 556 (1982).