Monroe G. Koggan Associates, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 14, 1983, before Judges WIL-
LIAMS, JR., CRAIG and BLATT, sitting as a panel of
three.

*Nathaniel W. Boyd, IV,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel,
with him *Richard L. Cole, Jr.,* Chief Counsel, for re-
spondent.

OPINION BY JUDGE WILLIAMS, JR., March 7, 1984:

The petitioner, Monroe Koggan Associates, Inc.
(Koggan), petitions for review of a decision and or-
der of the Unemployment Compensation Board of Re-

view (Board) granting benefits to Brad H. Eberly (claimant).

The legal question before us is whether the claimant was a self-employed independent contractor or an employe within the meaning of the Unemployment Compensation Law (Act)[1] during the period in which he performed services for the petitioner.

From April 14, 1981 until May 13, 1981, the claimant performed services for the petitioner in supervising the construction of a building. When the project was completed, Koggan had no further work for him and the claimant filed a claim for benefits for the compensable week ending May 23, 1981.

Initially, we note that the Act does not define the term "self-employment". However, Section 4(1)(2)(B), 43 P.S. 753(1)(2)(B),[2] does define "employment" and provides in pertinent part:

> Services performed by an individual for wages shall be deemed to be employment subject to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-914.

[2] The Office of Employment Security and the referee ruled on the claimant's eligibility only under Section 402(h) of the Act, 43 P.S. §802(h). However, Section 402(h) by its express provisions applies only to claims for benefits during weeks in which the alleged self-employment is ongoing.

An employe shall be ineligible *for any week*—

. . . .

(h) *In which* he is engaged in *self*-employment. . . . (Emphasis added.)

In view of such language, the Board without altering the underlying issue made the correct technical adjustment in also ruling under the provisions of Section 4(1)(2)(B) because the claimant's last day of work with Koggan was May 13, 1981 and he is claiming benefits for a week subsequent to that date, the compensable week ending May 23, 1981. *See Rohrbach v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 172, 450 A.2d 323 (1982).

this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

We have held that before an individual can be found to have been self-employed, the alleged employer bears the burden of proving both elements of Section 4(1)(2)(B). *Crenshaw v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 136, 412 A.2d 682 (1980).

The two-part conjunctive test in determining whether a workman is an employe of a person who engaged him is whether he is subject to the latter's control, not only with regard to the work to be done but also with regard to the manner of performing it and whether the individual has a proprietary interest in some business he can operate free from the control of any other individual. *Pavalonis v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 289, 426 A.2d 215 (1981). In applying the first part of this test, many factors have been examined by the courts including whether tools were supplied by the workman,[3] whether the workman received on the job training,[4] whether there was a fixed rate of remuneration,[5] whether there were regular

---

[3] *See C. A. Wright Plumbing Co. v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 45, 293 A.2d 126 (1972).

[4] *See id.*

[5] *See Biter v. Department of Labor and Industry,* 39 Pa. Commonwealth Ct. 391, 395 A.2d 669 (1978).

meetings that had to be attended,[6] whether periodic progress reports were to be made,[7] and other relevant factors. With regard to the second part of the test, factors that we have considered have been "whether the individual held himself out or was capable of performing the particular activities in question for anyone who wished to avail himself of such services and whether the nature of the business compelled the individual to look to only a single employer for the continuation of such services." *Jochynek v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 86, 90, 378 A.2d 490, 492 (1977). (Citations omitted.)

In addressing these issues, the Board made the following findings of fact:

1. Claimant was last employed as a carpenter-foreman by the Monroe Koggan Associates from April 14, 1981, at a final rate of $6.50 an hour plus expenses and his last day of work was May 13, 1981.

2. The employer did not wish to consider the claimant an "employee"; he wanted the claimant to be a sub-contractor.

3. The claimant was hired to help in the supervision of the building of a barn which his employer was building for Dover Township.

4. The claimant and the employer agreed upon what hours he would work; the employer stipulated that the job had to be done by a certain date.

5. The claimant supervised other workers on the job but had no power to hire or fire any other worker.

---

[6] *See O'Brien v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 272, 370 A.2d 805 (1977).

[7] *See Crenshaw.*

6. The employer told the claimant what to do; that is, the claimant was assigned the job of getting the building erected.

7. The claimant has at no time been engaged in self-employment; he has always been an employee of an employer while he was engaged in the building trade.

8. The claimant was laid off when the building was completed.

Of these findings, only No. 7 relates to part (b) of Section 4(1)(2)(B), while the remaining findings pertain to part (a). Our review of these findings of fact compels the conclusion that they are insufficiently specific to reveal the true nature of the employment relationship, if any, which existed between the petitioner and the claimant. They are so general and conclusory as to be of no aid in applying the aforementioned tests of Section 4(1)(2)(B). The Board failed to make findings as to any of the above-listed factors, even though there is present in the record, testimony which could, if found to be credible, constitute substantial evidence for the necessary findings of fact. Also, we have closely examined the "Discussion" section of the Board's decision in order to determine if the requisite specific facts could be found therein. We have undertaken this additional duty in order to spare the parties a further delay in reaching a final resolution in this matter even though we have recently expressed our disapproval of being so burdened. See, Schmidt v. Unemployment Compensation Board of Review, 71 Pa. Commonwealth Ct. 55 n.2, 453 A.2d 1088, 1089 n.2 (1983). Unfortunately, the Discussion section is similarly expressed in generalities and provides no specific facts for our consideration.

Under such circumstances, the only course we can follow is to remand the case to the Board for appro-

priate findings of fact. *Curtis v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977). As our Supreme Court has held, "[a]n appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level." *Page's Department Store v. Velardi*, 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). In *Lipchak v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 451, 456-57, 383 A.2d 970, 972 (1978), we held that where the findings of fact are inadequate and cannot be construed to resolve all of the factual issues necessary for proper appellate review, "[i]t is not for this Court . . . to make findings of fact because the duty to consider and evaluate testimony and to make findings of fact thereon is for the fact-finder. . . . When the fact-finder in an administrative proceeding is required to set forth [its] findings in an adjudication that adjudication must include all findings necessary to resolve the issues raised by the evidence which are relevant to the decision. . . ." (Citations omitted.)

Accordingly, we must remand the record of this case to the Board for the making of new and adequate findings of fact.

### ORDER

AND Now, this 7th day of March, 1984, the decision and order of the Unemployment Compensation Board of Review in the above-captioned matter, dated September 2, 1981, is hereby vacated, and the record is remanded to the Board for the purpose of making new and adequate findings of fact.

Jurisdiction relinquished.