528 A.2d 294

Michael Kelly, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert L. White,* for petitioner.

*Samuel Lewis,* Associate Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, July 7, 1987:

Michael Kelly (Petitioner) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision ordering a recoupment of benefits paid to Petitioner from August 25, 1984 to April 13, 1985, excluding the week ending March 16, 1985. We affirm.

On July 24, 1984, Petitioner became associated with DiEgidio Construction Company (DiEgidio) in order to

perform routine final maintenance work on three newly constructed buildings. Upon learning of Petitioner's employment, the Office of Employment Security (OES) issued an overpayment notice to Petitioner. The notice required him to reimburse $3,770 in regular unemployment benefits and $580 in federal supplementary benefits because he withheld information that he was self-employed and therefore ineligible to receive unemployment compensation by reason of Section 402(h) of the Unemployment Compensation Law.[1] A hearing was held from which the referee determined that Petitioner was self-employed under Section 402(h). The Board affirmed, and this appeal followed.

Our scope of review in unemployment compensation appeals is limited to a determination of whether the Petitioner's constitutional rights have been violated, whether an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Petitioner's sole contention is that the Board erred as a matter of law in determining that he was self-employed within the meaning of Section 402(h). Such a determination is a question of law reviewable by this court. *Centorame v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 337, 474 A.2d 1220 (1984). Furthermore, this court has established a two-part conjunctive test for establishing self-employment under Section 402(h). Our first inquiry is whether Petitioner is subject to the control of the employer in regard to the work to be performed and the manner of performance; the second is whether Petitioner has a proprietary interest in some business he can

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

operate free from the control of any other individual. *Monroe G. Koggan Associates, Inc. v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 626, 472 A.2d 277 (1984).

With respect to the first inquiry, the referee found that Petitioner set his own working hours, purchased his own supplies, completely controlled his work activities and received a set fee upon completion of each job. These findings establish that Petitioner was clearly independent of DiEgidio in the manner of his performance.

We therefore turn to the question of whether Petitioner has a proprietary interest in the business of his alleged self-employment such that he may operate free from the control of any other individual. This court has stated that resolution of this issue depends on factors which demonstrate whether the individual was capable of performing the particular activities in question for anyone who wished to avail himself of such services or whether the nature of the business compelled the individual to look to only the single employer for the continuation of such services. *Pavalonis v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 289, 426 A.2d 215 (1981).

In the case at bar, the referee found that Petitioner was employed by DiEgidio on a subcontractor basis to perform construction maintenance work of a subcontracting nature. He was paid in lump sum for his performance, and he alone suffered the risk of loss if his expenses exceeded his income. Furthermore, there is nothing in the record to suggest that the work he performed for DiEgidio was of a unique nature or that the nature of such work compelled him to necessarily look only to DiEgidio for further employment. The mere fact that DiEgidio was the only employer of record to contract for Petitioner's subcontracting services

does not negate a conclusion that Petitioner maintained a proprietary interest in the services he performed. Accordingly, we hold that Petitioner was self-employed within the legislative intent of Section 402(h), and, therefore, the Board did not err in ordering a recoupment of unemployment compensation benefits for withholding information of his subcontractor activities.

The order of the Unemployment Compensation Board of Review is affirmed.

ORDER

AND NOW, July 7, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.