589 A.2d 305

TRI–STATE SCIENTIFIC, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 1990.

Decided April 3, 1991.

Howard S. Stevens, Allentown, for petitioner.

Marc S. Fisher, Allentown, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Tri–State Scientific (Tri–State) appeals from a May 8, 1990 order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision granting benefits to Judith Joseph (Claimant) pursuant to Sections 401(a) and 404 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801(a) and 804. The issue on appeal is whether the Board erred in concluding that Claimant was a Tri–State employee eligible to receive unemployment compensation, rather than a self-employed independent contractor disqualified from receiving benefits under the Law.

On October 1, 1989, Claimant applied for unemployment compensation with the Office of Employment Security (OES) which denied her application after determining that she was not financially eligible for benefits under Section 404 of the Law since Claimant did not have sufficient wages during the base year to qualify for benefits. Claimant filed an appeal beyond the fifteen-day appeal period which the Board determined to be timely due to good cause for the delay. A hearing was scheduled before a referee for March 13, 1990. On March 6, 1990, Tri–State sent a letter to the referee requesting a continuance due to the unavailability of its witness, Robert L. Havlicsek, President of Tri–State, who was scheduled to be on vacation from March 10 through March 17. The record indicates that the referee denied the continuance request. N.T., p. 1. Tri–State nevertheless failed to appear at the hearing.

After considering the testimony of Claimant and an OES representative, the referee reversed OES and determined that Claimant was eligible to receive weekly benefits at a rate of $266 up to the maximum benefit entitlement of $6,916. Tri–State appealed to the Board asserting that Claimant was never a Tri–State employee, and therefore she was ineligible to collect benefits. The Board, affirming the

referee's decision, concluded that Claimant was financially eligible for benefits under the Law.[1]

Tri–State argues on appeal that Claimant was a self-employed independent contractor precluded from receiving benefits under Section 4(*l*)(2)(B) of the Law, 43 P.S. § 753(*l*)(2)(B). In support of its argument, Tri–State contends the following: (1) that there was no contract of employment between Claimant and Tri–State; (2) that Claimant was not subject to the control of Tri–State; (3) that Claimant received no salary from Tri–State, but received payments of $2,000 per month as an advance on her five percent commission; (4) that Claimant received no fringe benefits from Tri–State such as accident, health, or life insurance; and (5) that Tri–State withheld neither social security tax nor federal, state, or local income taxes from Claimant's remuneration.

Tri–State further argues that the decision of the Board is insufficient as a matter of law because the Board failed to make findings of fact necessary to resolve the issues raised in this appeal. In particular, Tri–State contends that the Board failed to find that Claimant was an employee within the meaning of the Law, and therefore the record is incomplete and the case should be remanded for further hearing. Tri–State further contends that it never raised the issue of Claimant's employment status before the referee because it never received notice that the referee denied its continuance request, and consequently Mr. Havlicsek failed to attend the scheduled hearing to testify.[2]

▌ This Court preliminarily notes that Tri–State did not raise the issue of the referee's denial of a continuance before the Board and cannot do so here. A party who has

1. This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

2. Tri–State also maintains that it was not represented by legal counsel before or after that hearing.

been duly notified of a hearing and who fails to attend that hearing after his or her continuance request has been denied by a referee may not challenge denial of the continuance when the issue was not raised in the notice of appeal to the Board. *Medical College of Pennsylvania v. Unemployment Compensation Board of Review*, 59 Pa.Commonwealth Ct. 411, 429 A.2d 1270 (1981). Under such circumstances, the party who failed to attend the scheduled hearing has failed to take the necessary steps "to protect its own interests." *Sanders v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 372, 376, 524 A.2d 1031, 1033 (1987); *Medical College of Pennsylvania*, 59 Pa.Commonwealth Ct. at 414, 429 A.2d at 1272. Moreover, it is well settled that issues not specified in an appeal before the Board are waived for purposes of review by this Court. *Merida v. Unemployment Compensation Board of Review*, 117 Pa.Commonwealth Ct. 181, 543 A.2d 593 (1988), *appeal dismissed*, 524 Pa. 249, 570 A.2d 1320 (1990). Thus, Tri–State has waived its right to challenge the denial of its continuance request.

■ However, with regard to the issue of the Board's deficient findings, this Court agrees that the Board did not resolve all of the factual issues necessary to draw the legal conclusion that Claimant was a Tri–State employee. The Board issued the following pertinent Findings of Fact:

1. The claimant was last employed by Tri–State Scientific as a medical equipment sales person from May 2, 1988 at a salary of $2,000.00 a month plus five percent commission, and her last day of work was August, 1989. The claimant's separation from work is not at issue in this appeal.

2. The claimant filed an application for benefits with an effective date of October 1, 1989, thereby establishing a base year consisting of July 1, 1988 to June 30, 1989.

3. Claimant, during her base year, earned the following wages *as reported to Employment Security*. (Emphasis Added.)

|  | Employer | Amount |
|---|---|---|
| 3rd Qtr. 1988 | Mead Johnson | $ 700.00 |
| 4th Qtr. 1988 | Mead Johnson | 5,175.00 |
| 1st Qtr. 1989 |  | 0.00 |
| 2nd Qtr. 1989 |  | 0.00 |

4. Including her wages from Tri–State Scientific, claimant, during her base year, earned the following wages:

|  | Employer | Amount |
|---|---|---|
| 3rd Qtr. 1988 | Mead Johnson | $ 700.00 |
|  | Tri–State | 6,632.00 |
| 4th Qtr. 1988 | Mead Johnson | 5,175.00 |
|  | Tri–State | 6,514.00 |
| 1st Qtr. 1989 | Tri–State | 5,340.50 |
| 2nd Qtr. 1989 | Tri–State | 6,466.90 |

The term employee is not defined by the Law; however Section 4(*l*) of the Law, 43 P.S. § 753(*l*), defines "employment" as follows:

(*l*)(1) 'Employment' means all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral, including service in interstate commerce, and service as an officer of a corporation.

(2) The term 'Employment' shall include an individual's entire service performed within or both within and without this Commonwealth, if—

. . . . .

(B) . . .

Services performed by an individual for wages shall be deemed employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

In order to apply the two-part test set forth above, the Board must analyze various factors to resolve the question of a claimant's employment status. *See, e.g., Cameron v. Unemployment Compensation Board of Review,* 68 Pa.Commonwealth Ct. 407, 449 A.2d 123 (1982) (factors of

control establishing employment relationship); *Crenshaw v. Unemployment Compensation Board of Review*, 50 Pa.Commonwealth Ct. 136, 412 A.2d 682 (1980) (factors of employment contract and fringe benefits paid to claimant); *C.A. Wright Plumbing Co. v. Unemployment Compensation Board of Review*, 6 Pa.Commonwealth Ct. 45, 293 A.2d 126 (1972) (factor of income tax withholding). Thus, this Court has held that before a claimant can be determined to have been an employee within the meaning of Section 4(*l*)(2)(B), the Board must make findings of fact sufficiently specific "to reveal the true nature of the employment relationship, if any, which existed." *Monroe G. Koggan Associates, Inc. v. Unemployment Compensation Board of Review*, 80 Pa.Commonwealth Ct. 626, 472 A.2d 277 (1984). In the absence of specific findings of fact to aid in applying the test of Section 4(*l*)(2)(B), the case must be remanded to the Board.

In the present case, the Board failed to make specific findings of fact as to any of the elements set forth in Section 4(*l*)(2)(B) to discern the true nature of Claimant's relationship with Tri–State. Record evidence indicates, inter alia, that no payroll taxes were withheld from Claimant's income, that she was hired as a "subcontract", and that Tri–State was a regional representative for a company called Pacesetter for whom pacemakers were sold. Thus, where factual issues which may be legally determinative of a Claimant's eligibility for unemployment compensation benefits are not addressed by the Board, it is not possible for this Court to perform its function of appellate review. *Levan v. Unemployment Compensation Board of Review*, 91 Pa.Commonwealth Ct. 507, 498 A.2d 987 (1985); *Eckert v. Unemployment Compensation Board of Review*, 86 Pa.Commonwealth Ct. 72, 483 A.2d 1059 (1984). *See also Alstrom v. Unemployment Compensation Board of Review*, 85 Pa.Commonwealth Ct. 333, 481 A.2d 1238 (1984), which held that this Court could not exercise appellate review where lack of findings by the Board on the elements set forth in Section 4(*l*)(2)(B) required that the case be

remanded to determine whether an employment relationship existed. Similarly, in the matter *sub judice,* the deficient findings of the Board dictate that the case be remanded as this Court may "not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below." *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975).

Accordingly, this case is remanded to the Board for specific findings of fact on the issue of Claimant's employment status with Tri–State.

## ORDER

AND NOW, this 3rd day of April, 1991, the order of the Unemployment Compensation Board of Review, dated May 8, 1990, is vacated, and this case is remanded to the Board for purposes consistent with the opinion of this Court.

Jurisdiction is relinquished.

SILVESTRI, Senior Judge, dissenting.

Judith Joseph (Joseph) was employed with Tri–State Scientific from May 1988 to September 1989 as a medical equipment salesperson. She filed for unemployment compensation benefits with the Office of Employment Security (OES) on October 1, 1989. The OES denied benefits and Joseph appealed. A hearing was scheduled before a referee. Shortly before the scheduled hearing, Tri–State asked for a continuance and that request was denied. Joseph appeared at the uncontested hearing. The referee issued a decision on March 20, 1990 which reversed the determination of the OES and granted benefits. The referee found, based on the evidence presented, that Joseph had worked for Tri–State on a salary plus commission basis, that she had no proprietary interest in the business, that she was not independently engaged in the business and that she was under the direction and control of the corporation. Upon appeal by Tri–State, the Unemployment Compensation

Board of Review (Board) affirmed the referee's decision. Tri–State now appeals to this Court.

Tri–State's statement of the question involved is:

Whether the claimant was an independent contractor and not an employee because she received no salary, no benefits, or other regular compensation and Tri–State Scientific did not control the manner in which the claimant's work was accomplished?

Under our scope of review, we are to affirm the Board unless we find that constitutional rights were violated, an error of law was committed or any necessary finding of fact is not supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

I dissent from the majority's misapplication of our scope of review. As the majority notes, "Tri–State argues that the decision of the Board is insufficient as a matter of law because the Board failed to make findings of fact necessary to resolve the issues raised in this appeal." (p. 307) The particular issue referred to by Tri–State, and inappropriately argued now, is whether Joseph was an employee within the meaning of the Law. It was Tri–State's burden to prove that Joseph was not its employee. Tri–State had the opportunity to present evidence to support its position but it failed to do so when it did not appear at the hearing. The effect of the majority's remand (although it agrees that the referee's denial of Tri–State's request for a continuance was proper) is to give Tri–State another chance to argue this already decided issue.

I disagree with the majority's determination that the Board was required to make findings of fact on the issue of whether Joseph was Tri–State's employee. The referee did make such findings of fact in his decision. The Board affirmed the referee's decision, therefore it accepted the facts as found by the referee. The Board's discussion of the determination of the proper amount of compensation to be paid and its findings which set forth Joseph's wages reflects that it did accept the finding that Joseph was an

employee; the claimant must be found to be an employee before the determination of the amount of compensation due her can be made.

Applying our scope of review, our inquiry now is whether the findings of fact are supported by substantial evidence. In making such a determination we must apply the definition of employment as set forth in Section 4(*l*)(2)(B) of the Law, 43 P.S. § 753(*l*)(2)(B). Joseph was the only party to present evidence on this issue. Although the referee was not required to accept Joseph's position, he did so. The referee found that Joseph was a salaried employee under the direction and control of Tri–State, that she had no proprietary interest in the business and that she was not independently engaged in the business, thus satisfying the requirements of "employment" under Section 4(*l*)(2)(B). The Board reviewed the evidence and determined that the evidence supported the referee's determination.

I note further that the case relied on by the majority for its proposition that the Board's failure to make findings of fact as to Joseph's employment status necessitates a remand, *Monroe G. Koggan Associates, Inc. v. Unemployment Compensation Board of Review,*[1] may be distinguishable. In that case there is no mention of the referee's decision or findings on the issue of whether the claimant was an employee or an independent contractor. A footnote states:

> 2. The Office of Employment Security and the referee ruled· on the claimant's eligibility only under Section 402(h) of the Act, 43 P.S. § 802(h). However, Section 402(h) by its express provisions applies only to claims for benefits during weeks in which the alleged self-employment is ongoing.
>
> An employe shall be ineligible *for any week—*
>
> (h) *In which* he is engaged in *self-*employment.... (Emphasis added.) ...

(80 Pa.Commonwealth Ct. at 628, 472 A.2d at 278)

1. 80 Pa.Commonwealth Ct. 626, 472 A.2d 277 (1984).

It may be inferred from this that both the OES and the referee had denied benefits based on a finding that the claimant was an independent contractor. The Board, therefore, reversed the referee and was required to make specific findings of fact regarding its determination that the claimant was in fact an employee and not an independent contractor. *See Office of Attorney General v. Unemployment Compensation Board of Review,* 111 Pa.Commonwealth Ct. 187, 533 A.2d 1087 (1987). In the present case, the Board, as the ultimate finder of fact, affirmed the referee based on the evidence in the record. Our review is thus limited to whether that evidence supports the Board's findings. Accordingly, based on the record evidence, I would affirm the Board.