IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Regina Ware, : 
                Petitioner : 
: No. 1796 C.D. 2017
                v. : 
: Submitted: May 11, 2018
Unemployment Compensation : 
Board of Review, : 
                Respondent : 


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: July 18, 2018


Regina Ware (Claimant) petitions, *pro se*, for review of the November 2, 2017 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision dismissing her appeal as untimely pursuant to section 501(e) of the Unemployment Compensation Law (Law).[1]

On July 14, 2017, the local service center mailed Claimant a determination denying her benefits under section 402(b) of the Law for voluntarily leaving work without cause of a necessitous and compelling nature. 43 P.S. §802(b). The local service center mailed the determination to Claimant's last known post office address; the determination was not returned by the U.S. postal authorities as undeliverable; and

---

[1] Section 501(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821(e).

the determination informed Claimant that she had fifteen days, or on or before July 31, 2017, to file an appeal. Claimant was not misinformed or misled with respect to her right to appeal or the need to appeal. On August 2, 2017, Claimant filed an untimely appeal, and a hearing was scheduled before the referee. (Findings of Fact (F.F.) Nos. 1-6.)

Claimant was duly notified of the date, time, and place of the hearing before the referee. However, she did not appear at the hearing or provide a reason to the referee for her failure to do so. On July 14, 2017, the referee issued a decision dismissing her appeal as untimely. Claimant then appealed to the Board. Claimant, however, did not explain to the Board why she failed to attend the hearing. By order dated November 2, 2017, the Board affirmed the dismissal of the appeal, adopting and incorporating the referee's findings and conclusions. (Referee's decision at 2; Board's decision at 1.)

On appeal to this Court,[2] Claimant does not argue that she had good cause for missing the hearing. Instead, she contends that she is entitled to *nunc pro tunc* relief and alleges that her untimely appeal from the local service center's determination was due to extenuating circumstances.

According to the assertions in her brief, Claimant, beginning at some point while she was still employed, was traveling between her residence in Bethlehem, Pennsylvania to Hillside, New Jersey, to provide care for two family members suffering from illness. Claimant says she does not have a vehicle and did not receive the determination until July 30, 2017, when she was able to secure a ride back to

---

[2] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported by substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

Pennsylvania; thereafter, Claimant had to make an arrangement to borrow money in order to fax the appeal and did not receive the money until August 1, 2017. Claimant asserts that when she faxed the appeal, she informed the unemployment authorities to use the New Jersey location as the address to send correspondence.

In pertinent part, section 501(e) of the Law provides that an appeal from a local service center's notice of eligibility determination must be filed "within fifteen calendar days after such notice was delivered to [her] personally, or was mailed to [her] last known post office address." 43 P.S. §821(e). If an appeal is not filed within fifteen days of mailing, the referee and the Board lack jurisdiction to consider the matter, and the initial eligibility determination becomes final. *Roman-Hutchinson v. Unemployment Compensation Board of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009); *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993). An appeal filed even one day after the fifteen-day appeal period is untimely and must be dismissed. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). There is an exception, though, and an appeal *nunc pro tunc* may be allowed "where a delay in filing the appeal is caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to an appellant or [her] counsel or a third party." *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010).

Here, Claimant's assertions could arguably warrant a finding by the Board that she be permitted to appeal *nunc pro tunc*. *See Brown v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1903 C.D. 2013, filed November

30, 2017) (unreported), slip op. at 4-6.[3] However, consideration of this issue has been forfeited or waived as a result of Claimant's failure to attend the hearing and failure to provide any explanation to either the referee or the Board that would warrant reopening the hearing, or a remand for an additional hearing, in which she could present the assertions that she makes in her appellant brief into evidence of record.[4]

In *Martin v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1046 C.D. 2009, filed November 17, 2009) (unreported), a *pro se* claimant filed an untimely appeal from the local service center's ineligibility determination and claimant failed to attend the hearing. The claimant did not explain his absence before the referee or the Board, and in the appeal to the Board, he only addressed the issue of whether he should be permitted to appeal *nunc pro tunc* due to issues related with his mail. On appeal, this Court affirmed the dismissal of a *pro se* claimant's appeal as untimely, concluding that any asserted right to a hearing was waived. *Martin*, slip op. at 4; *see Tri State Scientific v. Unemployment Compensation Board of Review*, 589 A.2d 305, 307 (Pa. Cmwlth. 1991) ("A party who has been duly notified of a hearing and who fails to attend that hearing after his or her continuance request has been denied by a referee may not challenge denial of the continuance when the issue was not raised in the notice of appeal to the Board."); *see also* 34 Pa. Code §101.24 (providing the

---

[3] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code §69.414(a), an unreported Commonwealth Court panel decision issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

[4] The record reflects that the notice of hearing and the decisions of the referee and the Board were mailed to both Claimant's Pennsylvania and New Jersey addresses, (Referee's decision at 1, 5; Board's decision at 1-2), and it is therefore presumed that she received these notices. *John Kenneth, Ltd. v. Unemployment Compensation Board of Review*, 444 A.2d 824, 826 (Pa. Cmwlth. 1982).

mechanism for a party who did not attend a scheduled hearing to submit a request to reopen the hearing and/or obtain a remand for a hearing).

The facts of this case are indistinguishable from those in *Martin*. The end result is that Claimant did not submit any competent evidence to justify her nonappearance at the hearing and, absent such evidence or submission of a proper excuse for failing to attend the hearing, this Court cannot conclude that the Board erred in affirming the dismissal of the appeal as untimely. Notably, Claimant does not make any assertions in her appellate brief to this Court addressing the fact that she failed to attend the hearing. Even if we were to assume from the statements in her appellate brief that Claimant could not attend the hearing on account of the family illnesses, mere allegations are no substitute for record evidence, and this Court cannot consider factual averments in a brief. *See Pryor v. Workers' Compensation Appeal Board (Colin Service Systems)*, 923 A.2d 1197, 1205 (Pa. Cmwlth. 2007); *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern States Maintenance)*, 508 A.2d 624, 625 n.2 (Pa. Cmwlth. 1986).

Accordingly, we are constrained to affirm the Board's order.

 

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Regina Ware,            :
       Petitioner       :
                             :    No. 1796 C.D. 2017
      v.                   :
                             :
Unemployment Compensation    :
Board of Review,               :
       Respondent       :

## *<u>ORDER</u>*

AND NOW, this 18th day of July, 2018, the November 2, 2017 order of the Unemployment Compensation Board of Review is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge