# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory W. Laubach, Sr.,           :
                  Petitioner     :
                              :   No. 1227 C.D. 2023
          v.                 :
                              :   Submitted: April 8, 2025
Unemployment Compensation   :
Board of Review,               :
                  Respondent   :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                 **FILED: May 16, 2025**

Gregory W. Laubach, Sr. (Claimant), appearing *pro se*, has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board), issued on August 21, 2023, which affirmed the Referee's decision to dismiss Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (UC Law), 43 P.S. § 821(e).[1] Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Effective July 24, 2021, Section 501(e) was amended to increase the time to file an appeal from 15 days to 21 days.

## I. BACKGROUND[2]

In December 2020, Claimant filed for unemployment compensation (UC) benefits. Claim Appl. Info., 12/10/20. He was later deemed ineligible, effective July 18, 2021, because he had failed to complete his work search requirements. *See* Determination, 12/30/21 (citing Section 401(b) of the UC Law, 43 P.S. § 801(b)). The notice mailed to Claimant informed him that the final date to appeal the determination was January 20, 2022. However, Claimant did not appeal until May 2, 2022.

A hearing was held before the Referee.[3] Finding no credible explanation that would excuse Claimant's untimely appeal, the Referee dismissed the appeal. Claimant then appealed to the Board but failed to address the timeliness of his appeal to the Referee or whether he was entitled to *nunc pro tunc* relief. *See* Appeal to Bd., 10/25/22. On August 21, 2023, the Board found the Referee's determination proper, adopted the Referee's findings and conclusions, and dismissed Claimant's appeal.

Claimant then timely appealed to this Court.

## II. ISSUE

Claimant contends that he is eligible for UC benefits from July to December 2021. *See* Pet'r's Br. at 5-7. According to Claimant, he did not complete the weekly work search requirements "due to medical conditions." *Id.* at 6.

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's adjudication, which is supported by substantial evidence of record. *See* Bd.'s Order, 8/21/2023 (incorporating the Referee's findings); Referee's Dec., 10/12/22.

[3] No representative of Employer attended the hearing, and Claimant appeared *pro se*.

Claimant does not address the timeliness of his appeal to the Referee.[4] *See generally id.*

## III. DISCUSSION[5]

Preliminarily, we must address the timeliness of Claimant's appeal to the Referee, as it implicates the jurisdiction of the Referee to consider Claimant's appeal. Under Section 501(e) of the UC Law, a claimant must file an appeal within 21 days of a determination. 43 P.S. § 821(e). The untimely filing of an appeal warrants dismissal because the timely filing of an appeal, even at the administrative

---

[4] In response, the Board suggests that we find the timeliness issue waived on multiple grounds. *See* Resp't's Br. at 7-11. We agree that Claimant's failure to raise this issue with the Board and his failure to brief the issue in this Court are grounds for waiver. *See, e.g.*, *Hubbard v. Unemployment Comp. Bd. of Rev.*, 252 A.3d 1181, 1187 (Pa. Cmwlth. 2021) (finding waiver where issue preserved in the claimant's petition for review was not argued in her brief); *Chapman v. Unemployment Comp. Bd. of Rev.*, 20 A.3d 603, 611 (Pa. Cmwlth. 2011) (finding waiver because the claimant had not raised the issue before the Board); *Tri-State Scientific v. Unemployment Comp. Bd. of Rev.*, 589 A.2d 305, 307 (Pa. Cmwlth. 1991) ("[I]t is well settled that issues not specified in an appeal before the Board are waived for purposes of review by this Court."); *see also* Pa.R.A.P. 1551(a); 2119(a). However, in our view, it is more appropriate to consider waiver when an appellant seeks review of an issue neither properly preserved nor adequately developed. Here, Claimant does nothing of the kind. In any event, the jurisdictional implications of Claimant's untimely appeal warrant brief discussion. Therefore, we decline to find waiver.

[5] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *Id.* at 136. When there is substantial evidence to support the Board's findings, they are conclusive on appeal, even if there is contrary evidence of record. *Cambria Cnty. Transit Auth. v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (*CCTA*). The Board is the ultimate factfinder, entitled to make its own determinations on evidentiary weight and witness credibility, and is free to accept or reject the testimony of any witness, in whole or in part. *Id.* Resolution of credibility questions and evidentiary conflicts within the Board's discretion "are not subject to re-evaluation on judicial review." *Id.* (internal citation omitted). Whether the record contains evidence to support findings other than those made by the factfinder is irrelevant; "the critical inquiry is whether there is evidence to support the findings actually made." *Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479, 484 (Pa. Cmwlth. 2018) (internal citations omitted).

3

level, is jurisdictional. *McKnight v. Unemployment Comp. Bd. of Rev.*, 99 A.3d 946, 949 (Pa. Cmwlth. 2014).

An untimely appeal may be considered in extraordinary circumstances. *Barsky v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 1112, 1119 (Pa. Cmwlth. 2021); *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). However, because the statutory time limit for appeals is mandatory, a petitioner bears a heavy burden to establish the right to have an untimely appeal considered. *Barsky*, 261 A.3d at 1120; *Hessou*, 942 A.2d at 198. To satisfy this heavy burden, the claimant must establish that his untimely appeal was caused by (1) an administrative authority engaging in fraudulent behavior or manifestly wrongful or negligent conduct, or (2) non-negligent conduct beyond the claimant's control. *Walthour v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 837, 842-43 (Pa. Cmwlth. 2022). The question of whether there are unique and compelling facts that would excuse an untimely appeal "is a legal conclusion to be drawn from the evidence and is reviewable on appeal." *Barsky*, 261 A.3d at 1120.

Here, the UC Service Center mailed Claimant a determination on December 30, 2021. *See* Determination. The determination indicated that the final date to appeal was January 20, 2022. *See id.* Claimant did not submit his appeal until May 2, 2022, more than three months after the deadline. Therefore, Claimant's appeal was patently untimely. *See* Section 501(e) of the UC Law, 43 P.S. § 821(e).

Further, Claimant is not entitled to *nunc pro tunc* relief. At the Referee's hearing, Claimant conceded the untimeliness of his appeal. *See* Hr'g Tr. at 4. When asked by the Referee for an explanation, Claimant maintained that a Department representative had advised him that no appeal was necessary and assured Claimant that he would receive his benefits. *See id.* at 4-8. However, the

4

Board did not credit this explanation. *See* Bd.'s Dec. (adopting the Referee's findings). Additionally, upon further questioning by the Referee, Claimant conceded that he had not asked the Department representative about his ineligibility. *See id.* at 5.[6]

Substantial evidence supports the Board's findings, and we will not revisit its credibility determinations. On this record, we discern no legal error in the Board's adjudication.

## IV. CONCLUSION

Claimant did not appeal within 21 days of the determination; therefore, his appeal was untimely. *See* Section 501(e) of the UC Law, 43 P.S. § 821(e). Further, based on the evidence of record, Claimant failed to establish that he is entitled to *nunc pro tunc* relief. *See Walthour*, 276 A.3d at 842-43; *Barsky*, 261 A.3d at 1120. Accordingly, we affirm the Board.[7]

_____
**LORI A. DUMAS, Judge**

---

[6] For example, Claimant testified as follows:

| R[eferee] | Well, did you discuss these determinations of ineligibility with them? |
| C[laimant] | No, I just asked them, and they indicated to me that I'd be compensated for it, and I didn't have to do anything additional. |
| | . . . |
| R[eferee] | But what about these two [determinations] that said you're ineligible? You didn't discuss that with the representative. |
| C[laimant] | No. |

Hr'g Tr. at 5.

[7] We do not reach the substantive issues raised in this matter because the Referee lacked jurisdiction over Claimant's appeal. *McKnight*, 99 A.3d at 949.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory W. Laubach, Sr.,  :
          Petitioner  :
            :  No. 1227 C.D. 2023
          v.  :
            :
Unemployment Compensation  :
Board of Review,  :
          Respondent  :

## **O R D E R**

AND NOW, this 16th day of May, 2025, the order issued by the Unemployment Compensation Board of Review on August 21, 2023, is AFFIRMED.

 

**LORI A. DUMAS, Judge**